IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| ABDUL ALAN GASTON | : | |
| aka Abdul Gaston | : | CASE NO. 1:18-bk-04322 |
|     Debtor | : | |
| | : | |
| NEWREZ LLC, dba Shellpoint Mortgage | : | |
| Servicing as servicer for U.S. Bank | : | |
| National Association, not individually but | : | |
| solely as Trustee for BlueWater | : | |
| Investment Trust 2018-A, | : | |
|     Movant | : | |
| | : | |
| v. | : | |
| | : | |
| ABDUL ALAN GASTON | : | |
| aka Abdul Gaston, | | |
|     Respondent | | |

## ANSWER TO MOTION FOR RELIEF FROM STAY

1. Admitted that Movant has filed a motion for relief from the automatic stay. Denied that Movant should be permitted to continue its foreclosure action.

2. Admitted that Debtor purchased the property at 2340 N 5th Street, Harrisburg, PA 17110 (the Property) from Members 1st by quitclaim deed after AmeriChoice Federal Credit Union had foreclosed on the property when it was owned by Winston A. Banks, Jr. The deed from the Dauphin County Sheriff to AmeriChoice is dated May 30, 2017. AmeriChoice owned the property after foreclosure. AmeriChoice sold the property it had foreclosed on to Abdul Gaston. The deed from AmeriChoice to Abdul Gaston is dated August 1, 2017.

3. Admitted that the Property was subject to a first mortgage. The Debtor believed when he bought the property from AmeriChoice that the first mortgage was eliminated by the foreclosure. He did not receive mortgage statements or any notice that the mortgage was still

due and owing. AmeriChoice did not inform the Debtor that he was buying the property subject to the first mortgage and when the Debtor experienced a fire at the Property, he endrosed the insurance checks over to AmeriChoice.

4. Admitted that AmeriChoice owned the Property by virtue of a Sheriff's Deed dated May 30, 2017.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. The alleged due on sale clause is a writing that speaks for itself. To the extent Movant has summarized this writing, it is denied. Moreover, Movant has filed a proof of claim in the bankruptcy and has accepted payments on mortgage arrears from the Trustee. Movant should be estopped from now asserting the due on sale clause.

12. This averment is a legal conclusion to which no response is required. To the extent a response is required, this averment is denied. The due on sale clause does not provide that all amounts due and payable on the first mortgage <u>were</u> immediately due and payable without any right to cure. The clause provides that "Lender <u>may</u>, at its option, demand payment in full of all sums secured by this Security Instrument." (emphasis added). Movant did not elect to demand payment in full but rather elected to participate in the Debtor's bankruptcy and permit the Debtor to cure arrearages.

13. This averment is a legal conclusion to which no response is required. To the extent a response is required, this averment is denied.

14. This averment is a legal conclusion to which no response is required. To the extent a response is required, this averment is denied. Movant has filed a proof of claim in the bankruptcy and has accepted payments on mortgage arrears from the Trustee. Movant should be estopped from now asserting the due on sale clause.

15. Proof of amounts owed is demanded at trial and this averment is therefore denied.

16. Admitted that Debtor has proposed said plan; however Movant has filed a proof of claim in the bankruptcy and has accepted payments on mortgage arrears from the Trustee. Movant should be estopped from now asserting the due on sale clause.

17. Denied that Movant is entitled to relief from stay. The Debtor has been mislead as to the existence of a first mortgage and should be permitted to cure the default.

WHEREFORE, the Debtor respectfully requests that this Court deny the motion for relief filed by the Movant and grant such other relief as this Court deems just.

Respectfully submitted,

/s/ Dorothy L. Mott
_____
Dorothy L. Mott, Esquire
Mott & Gendron Law
Attorney ID # 43568
125 State Street
Harrisburg, PA 17101
(717) 232–6650 TEL
(717) 232-0477 FAX
doriemott@aol.com